IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| KATHY HUTCHINSON, | ) | |
| Plaintiff, | ) ) ) | |
| | ) | Case No. 3:20-cv-00952 |
| v. | ) ) | JUDGE CAMPBELL |
| VANDERBILT UNIVERSITY, | ) ) | MAGISTRATE JUDGE FRENSLEY |
| Defendant. | ) | |

## MEMORANDUM

Pending before the Court is Defendant Vanderbilt University's Motion for Summary Judgment. (Doc. Nos. 47, 48). Plaintiff Kathy Hutchinson responded to the Motion (Doc. Nos. 54, 56), and Defendant replied (Doc. No. 58). In support of the Motion, Defendant filed a Statement of Undisputed Material Facts (Doc. No. 48) to which Plaintiff filed a response (Doc. No. 55). Defendant replied to Plaintiff's response to the statement of facts. (Doc. No. 59).[1]

### I. BACKGROUND

Plaintiff Kathy Hutchinson worked for Defendant Vanderbilt University ("Vanderbilt") in various positions, most recently as an administrative assistant in the Office of Housing and Residential Education ("OHARE"). (SOF ¶1). In May 2018, OHARE eliminated two job positions – the administrative assistant position held by Plaintiff and a graduate assistant position – and added a new position for Program Manager. (*Id*. ¶ 18). Plaintiff filed an internal grievance with Vanderbilt's Equal Employment Opportunity Office, alleging her position was eliminated because

---

[1] For ease of reference the Court cites Defendant's Statement of Facts together with Plaintiff's response and Defendant's reply (Doc. No. 59) as "SOF ¶__."

of her age. (*Id*. ¶ 22). She later applied for the Program Manager position and was not selected. (*Id*. ¶ 24).

After she learned she had not been selected for the Program Manager Position, and after retaining an attorney to advise her of her rights, Plaintiff signed a Separation Agreement accepting a lump sum payment in exchange for a general release of claims "arising out of or in connection with [her] employment at Vanderbilt and the ending of that employment." (*Id*. ¶¶ 22, 42; Hutchinson Dep., Doc. No. 48-1 at 221-223 and Ex. 14).

In November 2020, Plaintiff initiated this action bringing claims for unlawful age discrimination and retaliation under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq*. (Doc. No. 1). Plaintiff later agreed the job elimination claim contained in Court I of the Complaint was barred by the Separation Agreement and dismissed that claim. (Doc. No. 22).

Now before the Court is Defendant's Motion for Summary Judgment on Plaintiff's claims that Defendant's failure to hire her for the Program Manager position was due to age discrimination and/or retaliation.

## II.     STANDARD OF REVIEW

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks,* 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element

2

Case 3:20-cv-00952   Document 63   Filed 03/01/23   Page 2 of 5 PageID #: 346

of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's claims. *Id.*

In evaluating a motion for summary judgment, the Court views the facts in the light most favorable for the nonmoving party and draws all reasonable inferences in favor of the nonmoving party. *Bible Believers v. Wayne Cty., Mich.*, 805 F.3d 228, 242 (6th Cir. 2015); *Wexler v. White's Fine Furniture, Inc.*, 317 F.3d 564, 570 (6th Cir. 2003). The Court does not weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Rather, the Court determines whether sufficient evidence has been presented to make the issue of material fact a proper jury question. *Id.* The mere scintilla of evidence in support of the nonmoving party's position is insufficient to survive summary judgment; instead, there must be evidence from which the jury could reasonably find for the nonmoving party. *Rodgers* 344 F.3d at 595.

### III. ANALYSIS

The Court begins and ends its analysis with the merits of Plaintiff's claims for age discrimination and retaliation. Where, as here, a plaintiff offers circumstantial evidence of discrimination or retaliation, her claims are analyzed under the familiar *McDonnell Douglas* burden shifting framework. *Bledsoe v. Tenn. Valley Auth. Bd. of Dir.*, 42 F.4th 568, 581, 587 (6th Cir. 2022). This framework requires the plaintiff to establish a *prima facie* case of discrimination or retaliation. *Id*. If she succeeds, the burden of production shifts to the employer to identify a legitimate, nondiscriminatory reason for the termination. *Id*. Once the employer identifies a reason, the burden shifts back to the plaintiff to show the employer's reason is a mere pretext. *Id*.

Defendant argues that it has offered non-discriminatory and non-retaliatory reasons for not hiring Plaintiff for the Program Manager position and that Plaintiff has not offered any evidence

3

Case 3:20-cv-00952   Document 63   Filed 03/01/23   Page 3 of 5 PageID #: 347

to show that Defendant's proffered reasons are pretextual. The Court agrees. Plaintiff's skeletal response merely recites the standard of review and applicable law without specifically addressing any of Defendant's arguments or pointing to evidence from which a jury could conclude Defendant's failure to hire her for the Program Manager position was discriminatory or retaliatory. "It is insufficient 'for a party to mention a possible argument in the most skeletal way, leaving the court to … put flesh on its bones.'" *Buetenmiller v. Macomb Cty. Jail*, 53 F.4th 939, 946 (6th Cir. 2022) (citing *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997)). "[I]n instances where '[i]ssues [are] adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation,'" they are considered forfeited. *Id*.

Defendant states that it established a Selection Committee to screen applicants for the position and that, after a phone interview, the Selection Committee removed Plaintiff from consideration and declined to offer her an in-person interview based on Plaintiff's poor performance during the phone interview, lack of relevant experience, and the interviewers' familiarity with her prior unprofessional conduct in the workplace. (Doc. No. 47 at 19-23 (citing SOF ¶¶ 9, 11-14, 16, 31-38)).

Plaintiff provides no argument that Defendant's proffered reason is pretextual, stating only that the motion for summary judgment should be denied because Defendant does not deny that Randy Tarkington, the Senior Director of OHARE and Plaintiff's direct supervisor, "would frequently make discriminatory and offensive comments about her age" and because her claims are "based in supporting fact."[2] (Doc. No. 54 at 1). Plaintiff's assertion that Tarkington made

---

[2] Plaintiff also asserts that her Declaration (Doc. No. 57) is a basis for denying Defendant's motion for summary judgment, but fails to elaborate or provide any argument. (*See* Doc. No. 56 at 4).

4

offensive comments about her age is not supported by any citation to the record. Moreover, even if Tarkington made such comments, the evidence indicates he was not on the Selection Committee responsible for eliminating Plaintiff from consideration for the Program Manager position. (SOF ¶ 29). *See also, Smith v. City of Toledo*, 13 F.4th 508, 519 (6th Cir. 2021) (noting that pretext cannot be proved by "[a]ctions by nondecisionmakers alone" or "statements or actions outside the decisionmaking process") (quoting *EEOC v. Ford Motor Co.*, 782 F.3d 753, 768 (6th Cir. 2015)).

Because Plaintiff has not met her burden to show that Defendant's decision not to hire her for the Program Manager position was pretextual, her claims for discrimination and retaliation fail.

Plaintiff has not developed any argument that the Separation Agreement does not apply to her failure to re-hire claims. However, in light of the disposition of the claims on the merits, the Court will not consider whether the claims are barred by the release of claims in the Agreement.

## IV. CONCLUSION

For the reasons stated, Defendant's Motion for Summary Judgment (Doc. No. 46) will be **GRANTED**. An appropriate Order will enter.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE